EXHIBIT  A

1  Christopher B. Dolan (SBN 165358)
   Emile A. Davis (SBN 208394)
2  **THE DOLAN LAW FIRM**
   1438 Market Street
3  San Francisco, California 94102
   Telephone:    (415) 421-2800
4  Facsimile:    (415) 421-2830
5
   Attorneys for Plaintiffs
6  ANG JIANG LIU, HUAN HUA KUANG, ANTHONY LIU
7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             IN AND FOR THE COUNTY OF SAN FRANCISCO

10                    UNLIMITED JURISDICTION

11

12  ANG JIANG LIU, AS AN INDIVIDUAL       | Case No. **C G C - 1 4 - 5 3 6 9 7 9**
    AND AS GUARDIAN AD LITEM FOR
13  ANTHONY LIU, AND SUCCESSOR IN
    INTEREST ON BEHALF OF THE ESTATE      | **COMPLAINT FOR DAMAGES AND**
14  OF SOFIA LIU, HUAN HUA KUANG,         | **DEMAND FOR TRIAL BY JURY**
    ANTHONY LIU                          | 1.  **WRONGFUL DEATH**
15                                        | 2.  **NEGLIGENCE – MOTOR VEHICLE**
16          Plaintiffs,                   | 3.  **NEGLIGENT INFLICTION OF**
                                          |     **EMOTIONAL DISTRESS**
17  v.                                    | 4.  **NEGLIGENCE**
                                          | 5.  **NEGLIGENCE PER SE**
18                                        | 6.  **STRICT PRODUCTS LIABILITY**
    UBER TECHNOLOGIES, INC., RASIER       | 7.  **NEGLIGENT HIRING RETENTION**
19  LLC, RASIER-CA LLC, SYED             |     **AND SUPERVISION**
    MUZZAFAR, and DOES 1-30,              | 8.  **LOSS OF CONSORTIUM**
20                                        | 9.  **WRONGFUL DEATH SURVIVAL**
21          Defendants.                   |     **ACTION**
22
23                                        | **DEMAND FOR JURY TRIAL**
24
25
26
27
28

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

**PARTIES**

1. Plaintiff ANG JIANG LIU is an adult male.  He is the husband of Plaintiff HUAN KUANG and father of Plaintiff ANTHONY LIU and decedent SOFIA LIU.

2. Plaintiff HUAN KUANG is an adult female.  She is the wife of Plaintiff ANG JIANG LIU, and Mother of Plaintiff ANTHONY LIU and decedent SOFIA LIU.

3. Plaintiff ANTHONY LIU is a minor.  He is the brother of the decedent SOFIA LIU.

4. Defendant UBER TECHNOLOGIES, INC (hereinafter "UBER") is a Delaware Corporation and or Does 1-10 are corporations and/or business entities of a form unknown, which run a Transportation Network Company (TNC) known as UBER which provide a number of transportation options and vehicles for users of their service, including a low cost option called Uber X, through an online-enabled application (hereinafter "APP").  UBER has its principal place of business in and conducts business in San Francisco, California.

5. Plaintiffs are informed and believe and on the basis of said information and belief allege that RASIER LLC is a Delaware Limited Liability Company which is a wholly owned subsidiary of UBER and the parent company of RASIER-CA LLC, a Delaware Limited Liability Company.  RASIER LLC & RASIER-CA LLC have their principal place of business in and conducts business in San Francisco, California.

6. UBER and DOES 1-10, use RASIER LLC and/or RASIER-CA LLC and/or Does 21-30 to operate a TRANSPORTATION NETWORK COMPANY (TNC) known as Uber X, a division of UBER and/or Does 1-10 and 21-30's commercial enterprise.

7. Plaintiffs are informed and believe, and on the basis of information and belief allege that RASIER-CA LLC has been assigned Carrier ID PSG0032512 by the PUC and that UBER, RASIER LLC and/or RASIER-CA LLC and/or Does 1-10 and 21-30 use Carrier ID PSG0032512 to operate its TNC, Uber X in California.

8. Plaintiffs are informed and believe, and on the basis of information and belief allege that RASIER-CA LLC is the insurance certificate holder for the insurance that UBER is required to carry as a TNC by the PUC, which it uses for its Uber X operations.

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

1       9. Defendant SYED MUZZAFAR is an adult male. On December 31, 2013, he was the

2   driver of the vehicle which killed SOPHIA LIU, and injured HUAN KUANG and ANTHONY

3   LIU.

4       10. Plaintiffs are informed and believe, and the basis of said information and belief, allege,

5   that on December 31, 2013, at the time of this collision, Defendant MUZZAFAR was a

6   driver/transportation provider who was operating his vehicle utilizing the UBER APP and as

7   such was an agent and/or employee and/or partner of UBER, and/or RASIER LLC and/or

8   RAISER-CA LLC and/or Does 1-10 and/or Does 21-30.

9       11. Plaintiffs are informed and believe, and the basis of said information and belief, allege,

10   at all times material to this complaint, UBER and/or RASIER LLC and/or RAISER-CA LLC

11   and/or Does 1-10 and/or Does 21-30 were the employer of Defendant MUZZAFAR, and/or his

12   partner and/or an agency relationship existed between them.

13       12. Does 11-20 are believed to be the owners of the vehicle driven by MUZZAFAR at the

14   time of the collision.

15       13. Plaintiffs are ignorant of the names of the Defendants sued herein as DOES 1 through

16   30, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will

17   amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are

18   informed and believe and thereon allege that each of said fictitiously named Defendants is

19   responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries

20   herein alleged were caused by the aforementioned Defendants.

21       14. Plaintiffs are informed and believe, and on the basis of said information and belief

22   allege, that at all times herein material to this matters alleged in this Complaint, each of the

23   Defendants was the agent and/or employee and/or partner of each of the remaining Defendants

24   and, in doing the things herein alleged, was acting within the course and scope of such agency

25   and/or employment, and/or aided and/or abetted the others and/or ratified the acts of the others

26   so as to make them liable for the Plaintiffs' damages.

27       15. Plaintiffs are informed and believe, and on the basis of said information and belief

28   allege, that there is a unity of interest and operation between UBER, RAISER LLC, RAISER-

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

1  CA LLC and Does 1-10 and 21-30 such that their separate and independent classification is but

2  a fiction and that each is the alter-ego of the other.

3     16. Defendants are liable for the acts of each other through principals of *respondeat*

4  *superior*, agency, ostensible agency, partnership, alter-ego and other forms of vicarious liability.

6  ## VENUE AND JURISDICTION

8     17. Venue in this court is appropriate as the injuries to the Plaintiffs occurred in San

9  Francisco County.

10     18. Jurisdiction is proper in this case in that the amount in controversy is in excess of the

11  statutory requirements of this court.

13  ## FACTS COMMON TO ALL CAUSES OF ACTION

15     19. On December 31, 2013, at just before 8:00pm, HUAN KUANG was walking home in

16  San Francisco with her two children, ANTHONY LIU, who was 5 years old, and SOFIA LIU,

17  who was 6 years old.

18     20. They approached the intersection of Polk Street and Ellis Street.  When the light was

19  green for them to walk, they began to cross Polk Street within the crosswalk.

20     21. As they were in the cross-walk, with the signal green for them to walk, a vehicle driven

21  by Defendant SYED MUZZAFAR turned right from Ellis Street and collided with HUAN

22  KUANG, ANTHONY LIU and SOFIA LIU.

23     22. The collision caused the wrongful death of SOFIA LIU, and caused serious and

24  significant physical and mental injuries to the other Plaintiffs in this action.

25     23. UBER, RAISER LLC, RAISER-CA LLC and Does 1-10 and 21-30 and their Uber X

26  service have been classified by the California Public Utilities Commission (hereinafter "PUC")

27  as a TNC.

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

- 4 -
COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

1     24. UBER, RAISER LLC, RAISER-CA LLC and Does 1-10 and 21-30, through its

2  services, including Uber X, provides prearranged transportation services for compensation using

3  its APP or platform to connect persons wanting to procure transportation (hereinafter

4  "USERS"), with those who, utilizing their own personal vehicles, want to provide transportation

5  ion exchange for compensation (hereinafter "DRIVERS").

6     25. Plaintiffs are informed and believe, and on the basis of said information and belief

7  allege, that MUZZAFAR was logged on to the UBER APP at the time that the collision

8  occurred and was appearing as a UBER and/or Uber X DRIVER available for providing

9  transportation services to USERS and/or was viewing, monitoring and/or interacting with his

10  wireless communications device/smartphone/GPS at or near the time of the collision.

11     26. Before USERS can utilize the APP, USERS must become "partners" of UBER, UBER,

12  RAISER LLC, RAISER-CA LLC and Does 1-10 and 21-30by logging into UBER's APP or

13  web based portal and provide information about themselves to UBER including their name, e-

14  mail, credit card number, mobile telephone number, etc. Only registered USERS can use

15  UBER's APP to prearrange transportation service.

16     27. Before DRIVERS can participate in UBER'S, RASIER LLC'S, RAISER-CA LLC'S

17  and Does 1-10 and 21-30's prearranged transportation service, including but not limited to Uber

18  X, they must apply to be a DRIVER by logging into UBER's APP or web based portal and

19  providing information including but not limited to their name, phone number, address, e-mail,

20  banking information, vehicle registration, insurance, vehicle description, and have their vehicle

21  inspected. UBER, RASIER LLC and RAISER-CA LLC and Does 1-10 and 21-30 are required

22  to conduct a background investigation of their DRIVERS including but not limited to their

23  driving and criminal history (and thereafter conduct periodic reviews of their driving history).

24  UBER, RASIER LLC and RAISER-CA LLC and Does 1-10 and 21-30 then evaluate the driver

25  and only permit those drivers it finds suitable to become registered DRIVERS on its APP.

26  UBER, RASIER LLC and RAISER-CA LLC and Does 1-10 and 21-30 reserve the right to

27  remove or delete DRIVERS from their system at their discretion. Therefore UBER, RASIER

28

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

- 5 -
COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

1  LLC and RAISER-CA LLC and Does 1-10 and 21-30 are entirely in control of who can use
2  their system as either a DRIVER or USER.

3      28. Only after USERS and DRIVERS have provided the information required by UBER,
4  RASIER LLC and RAISER-CA LLC and Does 1-10 and 21-30 can they participate in the pre-
5  arranged transportation service.

6      29. USERS seeking transportation services provided by UBER, RASIER LLC and
7  RAISER-CA LLC and Does 1-10 and 21-30, such as Uber x and its DRIVERS, log on to the
8  APP which is under the URL, www.uber.com, and arrive at a main screen that says UBER.
9  From that main screen they can navigate among different types of transportation services
10  (generally distinguished by type of vehicle) including Uber X which is touted as "the low cost
11  UBER."

12      30. USERS who chose Uber X are shown a GPS looking screen which displays vehicles
13  available to provide transportation services in their area. After requesting a DRIVER, the APP
14  alerts nearby DRIVERS who must timely indicate their acceptance of the USER'S
15  transportation request by manually interfacing with the APP. Once the DRIVER accepts the
16  USER's request that drivers name, photo, vehicle description, user rating, and time from pickup
17  are displayed to the USER.

18      31. DRIVERS, in order to be available to provide USERS transportation services in
19  exchange for compensation, must log on to the UBER and/or Uber X APP and indicate their
20  availability. Their location and information is then visible to USERS and DRIVERS can access
21  a screen on their electronic communication device/smart phone/GPS called a "God View"
22  which shows them a map of where others using the system are located.

23      32. The PUC has found that, "clearly, each TNC is receiving either an economic benefit or
24  a business benefit. At a minimum, they are receiving increased patronage with the growth of
25  their businesses."

26      33. UBER and Uber X's brand and value to USERS, and potential USERS, is enhanced by
27  having a significant number of DRIVERS registered, visible to the USERS on the UBER APP,
28  and available in close proximity to USERS so as to provide transportation services. Indeed

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

- 6 -
COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

1  UBER states on its website "When you request a driver we'll find a driver and let track their
2  location on the map. Your driver's name and car details appear in the app and you can message
3  or call if you need to". "UBER'S, and/or RASIER LLC's and/or RAISER-CA LLC's and/or
4  Does 1-10 and 21-30's competitive advantage in the transportation industry is fostered by
5  having an APP that shows both DRIVERS and USERS where the other is, providing
6  information and reviews about the DRIVER and USER, permitting communication by text and
7  phone between DRIVER and USER and by demonstrating the large number of available
8  DRIVERS which are logged on to the UBER APP.

9      34. UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30
10  derive an economic benefit from not only having USERS transported by DRIVERS collecting a
11  portion of the charge for transportation, it derives an economic benefit, and competitive
12  advantage, by displaying the location of available vehicles near the USER's location. USERS
13  seeing the ready supply of UBER and/or Uber X vehicles have greater consumer confidence
14  that they will be able to obtain one-to-one prearranged transportation services rapidly and are
15  therefore more likely to be repeat customers. In this way UBER, and/or RASIER LLC and/or
16  RAISER-CA LLC and/or Does 1-10 and 21-30 enhance their business by attracting a larger
17  number of USERS to their services and, therefore, increase their market share of the
18  transportation industry and commerce in the business sector in which they are providing service.
19  Therefore, regardless of whether a DRIVER actually has a USER in their car, is on the way to a
20  USER who has engaged the DRIVER through the APP, or simply is logged on to the APP as an
21  available DRIVER, UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10
22  and 21-30 derives an economic benefit from having DRIVERS registered on the service.

23      35. The nature of the APP and its interface is both visual and tactile. Therefore, DRIVERS
24  must monitor their wireless communications device/smartphone/GPS so as to be aware of the
25  location of other UBER and/or Uber X vehicles so they can position themselves near areas of
26  high USER demand. The APP provides for texting and phone calling and instant messaging
27  between the DRIVER and the USER.

28

THE
DOLAN
LAW FIRM
The Dolan Building
143 S Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

36. UBER and/or Uber X DRIVERS must respond quickly to a USER request for service by physically interfacing with the APP thereby leading to distraction while a DRIVER monitors and/or uses the APP on their wireless communications device/smartphone/GPS. Defendants UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30 knew, or should have known use of the APP by DRIVERS, including but not limited to MUZZARAF, in the manner intended and actually required by UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30, would be in violation of California Vehicle Code 23123 which, in subsection (a) states "A person shall not drive a motor vehicle while using a wireless telephone unless that telephone is specifically designed and configured to allow hands-free listening and talking, and is used in that manner while driving."

37. Defendant UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30 knew, or should have known that use of the APP by DRIVERS, including but not limited to MUZZARAF, in the manner intended and actually required by UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30, would be in violation of California Vehicle Code Section 23123.5 which, states "(a) A person shall not drive a motor vehicle while using an electronic wireless communications device to write, send, or read a text–based communication, unless the electronic wireless communications device is specifically designed and configured to allow voice operated and hands-free operation to dictate, send, or listen to a text-based communication, and it is used in that manner while driving. (b) As used in this section "write, send, or read a text-based communication" means using an electronic wireless communications device to manually communicate with any person using a text-based communication, including, but not limited to, communications referred to as a text message, instant message, or electronic mail."

38. Pursuant to California Vehicle Code Section 26708 any portable Global Positioning System (GPS), may only be mounted in a seven-inch square in the lower corner of the windshield farthest removed from the driver or in a five-inch square in the lower corner of the windshield nearest to the driver and outside of an airbag deployment zone," **if the system is**

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

- 8 -
COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

1  used only for door-to-door navigation while the motor vehicle is being operated." The

2  UBER APP is, by its nature, a GPS.

3      39.  Use by UBER and Uber X DRIVERS of a GPS while engaged in the business activity

4  of being a UBER or Uber X DRIVER is not door-to-door navigation and, therefore, violates

5  California Vehicle Code Section 26708.

6      40.  Plaintiffs are informed and believe, and on the basis of said information and belief

7  allege that the status of MUZZARAF as an UBER and/or Uber X DRIVER, including but not

8  limited to the use and/or monitoring of the APP and its interface, was a proximate cause of this

9  collision including but not limited to its causing MUZZARAF to be distracted while driving.

10     41.  Plaintiffs are informed and believe, and on the basis of said information and belief

11 alleges that the design of the UBER APP and DRIVER interface, requires drivers to use the

12 APP in such a manner as to violate the law, including but not limited to  CA. Vehicle Code

13 Sections 23123, 23123.5 and/or 26708,  the legislative history of which is discussed, in part,  in

14 *People v. Spriggs*, (2013)  215 CalApp.4th Supp.1,  thereby causing distraction to DRIVERS,

15 including MOZZARAF and, further,  that MUZZARAF's distraction was a substantial factor in

16 causing the subject accident and resultant harm.

17

18                      **FIRST CAUSE OF ACTION**
                            **Wrongful Death**
19              **By Plaintiffs ANG JIAN LIU and HUAN KUANG**
                          **Against All Defendants**
20
21     42.  Plaintiffs incorporate by reference, as though fully set forth herein, the contents of

Paragraphs 1 through 41.
22
23     43.  Defendants and each of them owed Plaintiffs a duty of reasonable/due care as well as

statutory duties established in California Vehicle Codes, 21950, 23123, 23123.5 and/or 26708.
24
25     44.  Defendants UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10

26 and 21-30 were negligent in their development, implementation, and use of the APP in the

27 provision of prearranged transportation services in such a manner so as to lead to DRIVERS,

including MUZZARAF, to be distracted  and/or inattentive, while driving.
28

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2850

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

45.  Defendants UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30 are, as more fully set forth below, liable in strict product liability, for the defective APP and/or user interface.

46.  Defendants UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30, and each of them, through their wrongful acts, as set forth above, breached their duties of care and said breach was the proximate cause of the death of SOFIA LIU.

47.  As a proximate result the negligence of Defendants UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30, and each of them, Plaintiffs ANG LIU and HUAN KUANG have suffered great loss and harm,  including but not limited to funeral and burial expenses, loss of love, companionship, comfort, care, assistance, protection, affection, society and moral support in an amount to be established at the time of trial.

## SECOND CAUSE OF ACTION
### Negligence –Motor Vehicle
### By Plaintiffs HUAN KUANG and ANTHONY LIU
### Against All Defendants

48.  Plaintiffs incorporate by reference, as though fully set forth herein, the contents of Paragraphs 1 through 47.

49.  Defendants and each of them owed Plaintiffs a duty of reasonable/due care as well as statutory duties established in California Vehicle Codes, 21950, 23123, 23123.5 and/or 26708.

50.  Defendant MUZZARAF, on December 31, 2013, while operating his vehicle in the scope and course of his employment/agency/partnership with UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30, was negligent and did breach one or more of those duties and said breach was the proximate cause of personal injuries to Plaintiffs HUAN KUANG and ANTHONY LIU.

51.  Defendants 11-20 were negligent in their entrustment of the vehicle being driven by MUZZARAF on December 31, 2013.

52. As a proximate result the negligence of Defendants, and each of them, Plaintiffs have suffered significant general and special damages in amounts to be determined at trial.

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830



53. The conduct of the Defendants and each of them was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including but not limited to the Plaintiffs herein so as to warrant the imposition of punitive damages pursuant to California Civil Code Section 3294.

### THIRD CAUSE OF ACTION
#### Negligent Infliction of Emotional Distress
#### By Plaintiffs HUAN KUANG and ANTHONY LIU
#### Against All Defendants

54. Plaintiffs incorporate by reference, as though fully set forth herein, the contents of Paragraphs 1-54.

55. Plaintiffs HUAN KUANG and ANTHONY LIU, mother and brother to decedent SOFIA LIU, were with SOPHIA and, therefore, in the legally recognized "zone of danger" created by the Defendants, and each of them, when they wrongfully caused the death of decedent SOFIA LIU and the physical injuries to HUAN KUANG and ANTHONY LIU.

56. Plaintiffs HUAN KUANG and ANTHONY LIU were aware of, and did witness the injuries sustained by each other and SOFIA LIU so as to suffer the negligent infliction of emotional distress as recognized in the case of *Dillon v Legg,* (1968) 68 Cal.2nd 728.

57. As a proximate result the negligence of Defendants and each of them, Plaintiffs HUAN KUANG and ANTHONY LIU have suffered significant general and special damages in amounts to be determined at trial.

58. The conduct of the Defendants and each of them was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including but not limited to the Plaintiffs herein so as to warrant the imposition of punitive damages pursuant to California Civil Code Section 3294.

\ \ \

\ \ \

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FOURTH CAUSE OF ACTION
#### Negligence
#### By all Plaintiffs
#### Against Defendants UBER, and/or RASIER LLC
#### and/or RAISER-CA LLC and/or Does 1-10 and 21-30

59. Plaintiffs hereby incorporate by reference, as though fully set forth herein, the contents of Paragraphs 1-58.

60. Defendants UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30 and DOES 1-10 were negligent in their development, implementation, and use of the APP in the provision of prearranged transportation services in such a manner so as to lead to DRIVERS, including MUZZARAF, to be distracted and/or inattentive, while driving.

61. Defendants UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30 required its DRIVERS to use a smartphone APP and/or GPS that causes, and did cause, driver distraction and inattention to the roadway, such that it was the proximate cause of the subject accident and resulting personal injuries to Plaintiffs HUAN KUANG and ANTHONY LIU.

62. As a proximate result the negligence of Defendant UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30, and each of them, Plaintiffs have suffered significant special and general damages in amounts to be determined at trial.

63. As a proximate result the negligence of Defendants and each of them, Plaintiffs ANG JIANG LIU and HUAN KUANG suffered wrongful death damages.

64. The conduct of the Defendants and each of them was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including but not limited to the Plaintiffs herein so as to warrant the imposition of punitive damages pursuant to California Civil Code Section 3294.

\ \ \

\ \ \

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

### FIFTH CAUSE OF ACTION
#### Negligence Per Se
#### By Plaintiffs
#### Against ALL DEFENDANTS

65. Plaintiffs hereby incorporate by reference, as though fully set forth herein, the contents of Paragraphs 1-64.

66. California Vehicle Codes, 21950, 23123, 23123.5 and/or 26708 were laws implemented by the State of California to protect individuals from injury or death due to inattentive or distracted drivers. Plaintiffs and each of them were of the class of persons intended to be protected by these laws.

67. Defendants and each of them therefore owed Plaintiffs a duty to conduct their affairs in accordance with California Vehicle Codes, 21950, 23123, 23123.5 and/or 26708.

68. Defendants and each of them breached one or more of the duties established by California Vehicle Codes, 21950, 23123, 23123.5 and/or 26708. Such conduct constitutes *negligence per se.*

69. As a direct and proximate result, Plaintiffs, and each of them, suffered significant general and special damages in an amount to be determined at trial.

70. The conduct of the Defendants and each of them was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including but not limited to the Plaintiffs herein so as to warrant the imposition of punitive damages pursuant to California Civil Code Section 3294.

### SIXTH CAUSE OF ACTION
#### Strict Products Liability- Bystander Theory
#### By All Plaintiffs
#### Against UBER, and/or RASIER LLC and/or
#### RAISER-CA LLC and/or Does 1-10 and 21-30

71. Plaintiffs hereby incorporate by reference, as though fully set forth herein, the contents of Paragraphs 1-70.

72. Plaintiffs are informed and believe, and based upon said information and belief allege, that Defendant UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

1    21-30 designed and/or distributed the APP and/or GPS interface/system that UBER DRIVERS,

2    including MUZZARAF, were required to use and furthermore trained or failed to adequately

3    train them on how to use the APP and interface.

4        73. In doing so UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10

5    and 21-30 did place the APP and GPS system into use and on the market.

6        74. UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30

7    had, or should have had, knowledge that the APP and/or GPS interface would be used without

8    inspection for defects and would be used in such a way as to violate one or more provisions of

9    the California Vehicle Code and/or to create a significant risk of the type of harm suffered by

10    the Plaintiffs in this action.

11        75. The defects in the APP and/or GPS interface were the direct and proximate cause of

12    harm to all of the Plaintiffs including the physical and emotional injuries suffered by HUAN

13    KUANG and ANTHONY LIU and the wrongful death of SOPHIA LIU and the injuries that

14    flow therefrom to all Plaintiffs.  Strict liability extends not only in favor of the users and

15    consumers, but also in favor of bystanders such as pedestrians. (*Elmore v. American Motors*

16    *Corp.,* (1969) 70 Cal.2d 578, 585-587; *Baker v. Chrysler Corp.,* (1976) 55 Cal.App.3d 710,

17    715, *Preissman v. Ford Motor Co.,* (1969) 1 Cal.App.3d 841, 855.)

18        76. The APP and/or GPS interface was defective.

19        77. As a proximate result of the product defect, Plaintiffs, and each of them, suffered

20    significant general and special damages in an amount to be determined at trial.

21        78. The conduct of the Defendants and each of them was engaged in with fraud, oppression

22    and/or malice, and was in conscious disregard of the rights and safety of others, including but

23    not limited to the Plaintiffs herein so as to warrant the imposition of punitive damages pursuant

24    to California Civil Code Section 3294.

25    \ \ \

26

27    \ \ \

28

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

- 14 -
COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

### SEVENTH CAUSE OF ACTION
**Negligent Hiring, Retention, Training and Supervision
By all Plaintiffs
Against UBER, and/or RASIER LLC and/or
RAISER-CA LLC and/or Does 1-10 and 21-30**

79. Plaintiffs incorporate by reference as if fully set forth herein Paragraphs 1-78.

80. UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30 owed the general public a duty of reasonable care in the hiring, training and supervision of its DRIVERS.

81. UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30 did breach that duty of care in the hiring, retention, training and/or supervision of Defendant MUZZARAF who was unfit to be a provider of transportation, and who was not adequately trained or supervised in his driving and/or use of the APP and the dangers inherent therein. UBER, and/or RASIER LLC and/or RAISER-CA LLC and/or Does 1-10 and 21-30 knew or should have known that Defendant MUZZARAF would be using the APP in a manner which would distract him and lead to a risk of the very type of danger and harm that occurred on December 31, 2013.

82. The breach of that duty was the proximate cause of harm to the Plaintiffs causing them to suffer significant special and general damages in an amount to be proven at the time of trial.

83. The conduct of the Defendants and each of them was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including but not limited to the Plaintiffs herein so as to warrant the imposition of punitive damages pursuant to California Civil Code Section 3294. Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1-48 as if fully set forth herein.

\ \ \

\ \ \

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

- 15 -
COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

**EIGHTH CAUSE OF ACTION**
**Loss of Consortium**
**By Plaintiff ANG JIAN LIU**
**Against all Defendants**

84. Plaintiff hereby incorporates by reference, as though fully set forth herein, the contents of Paragraphs 1-83.

85. Plaintiff ANG JIANG LIU because of the wrongful acts of Defendants, and each of them, suffered a loss of consortium with his wife HUAN KUANG.

86. As a proximate result of the acts of Defendants, and each of them, Plaintiff ANG JIANG LIU suffered significant special and general damages in an amount to be determined at trial.

87. The conduct of the Defendants and each of them was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including but not limited to the Plaintiffs herein so as to warrant the imposition of punitive damages pursuant to California Civil Code Section 3294.

**NINTH CAUSE OF ACTION**
**Wrongful Death - Survival Action**
**By ANG LIU AS SUCCESSOR IN INTEREST**
**Against all Defendants**

88. Plaintiff ANG LIU, as Successor in Interest, on behalf of the Estate of Sophia Liu, hereby incorporates by reference paragraphs 1-87 as if fully set forth herein.

89. Prior to her death, Sofia Liu suffered losses and damages including but not limited to significant medical expense.

90. Pursuant to California Code of Civil Procedure Section 377.30 Plaintiff ANG LIU, as Successor in Interest on behalf of the Estate of Sophia Liu, seeks recovery of those damages provided for pursuant to California Code of Civil Procedure Section 377.34 including punitive damages allowable pursuant to California Civil Code Section 3294.

\ \ \

THE
DOLAN
LAW FIRM
The Dolan Bvil ding
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

- 16 -

1

2                     **PRAYER FOR RELIEF**

3

4          WHEREFORE, Plaintiffs pray for judgment against Defendants as follows;

5

6 **FIRST CAUSE OF ACTION**

7      1.    Those damages provided for in California Code of Civil Procedure Section 377.61;

8      2.   For costs of suit herein incurred;

9      3.   Prejudgment interest; and

10      4.   For such other and further relief as the court may deem proper.

11

12 **SECOND THROUGH EIGHTH CAUSES OF ACTION**

13      1.   For special and general damages as allowed by law;

14      2.   For Punitive damages pursuant to California Civil Code Section 3294;

15      3.   Prejudgment interest;

16      4.   For costs of suit herein incurred; and

17      5.   For such other and further relief as the court may deem proper.

18

19 **NINTH CAUSE OF ACTION**

20      1.   For Damages provided for in California Code of Civil Procedure Section 377.34;

21      2.   Punitive damages pursuant to California Civil Code Section 3294;

22      3.   Prejudgment interest;

23      4.   For costs of suit herein incurred; and

24

25 \ \ \

26

27 \ \ \

28

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

5. For such other and further relief as the court may deem proper.

Dated: January 24, 2014

THE DOLAN LAW FIRM

By: _____
Christopher B. Dolan Esq.
Attorney for Plaintiffs ANG JIAN LIU,
HUAN HUA KUANG, ANTHONY LIU
and the of ESTATE OF SOPHIA LIU

**Plaintiff hereby demands trial by jury.**
Dated: January 24, 2014

By: _____
Christopher B. Dolan, Esq.
Attorney for Plaintiffs ANG JIAN LIU,
HUAN HUA KUANG, ANTHONY LIU
and the of ESTATE OF SOPHIA LIU

THE
DOLAN
LAW FIRM
The Dolan Building
1438 Market Street
San Francisco, CA
94102
Tel: (415) 421-2800
Fax: (415) 421-2830

- 18 -
COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher B. Dolan, Esq. (SBN 165358)<br>The Dolan Law Firm<br>1438 Market Street.<br><br>San Francisco, CA 94102<br>TELEPHONE NO.: (415) 421-2800    FAX NO.: (415) 421-2830<br>ATTORNEY FOR *(Name):* Plaintiffs | **F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>JAN 2 7 2014<br><br>CLERK OF THE COURT<br>BY: _Elias Rit_<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Unlimited Civil Division

CASE NAME: Ang Jiang Liu, et al v. Uber Technologies, Inc., Raiser LLC, Raiser-CA LLC, Syed Muzzafar, and Does 1-30

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | CGC - 14 - 536979 |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [X] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 9
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
Christopher B. Dolan, Esq. (SBN 165358)        _M. on Behalf of Christopher B. Dolan_
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**    Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  Contract/Warranty Breach—Seller Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic relations)
  Sister State Judgment
  Administrative Agency Award (not unpaid taxes)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-harassment)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition